# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | NO. 9:06-CR-12 |
| | § | |
| COREY REYNARD JETT | § | |

### REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
### FOR OFFENDER UNDER SUPERVISION

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed May 4, 2012, alleging that the Defendant, Corey Reynard Jett, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on December 19, 2006, before the Honorable Ron Clark, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute a detectable amount of MDMA, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 18 and a criminal history category of II, was 30 to 37 months. The Defendant was sentenced to 33 months' imprisonment, followed by 3 years of supervised release

subject to the standard conditions of release, plus special conditions to include: drug testing and treatment; and a $100 special assessment.

## II. The Period of Supervision

The Defendant completed his period of imprisonment on December 23, 2008 and began his term of supervised release.

## III. The Petition

United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision on May 4, 2012 alleging three violations: 1) the Defendant committed another crime possession with intent to distribute a schedule I controlled substance, which he pled guilty to on December 19, 2011 in Caddo Parish, Louisiana under case no. 283116; 2) the Defendant illegally possessed a controlled substance, as discussed in the previous violation; and 3) the Defendant submitted positive urine specimens for marijuana on April 28, 2009, May 12, 2009, and May 13, 2009.

## IV. Proceedings

On July 30, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first allegation, which asserted that he violated a mandatory condition of supervised release, to wit: "The Defendant shall not commit another federal, state, or local crime." The Petition alleges, "Corey Reynard Jett pled guilty on December 19, 2011, to Possession with Intent to Distribute a Schedule

I Controlled Substance, [in] Caddo Parish, Louisiana Criminal Case No. 283116." The remaining two counts, Possession of a Schedule I Controlled Substance and Possession with Intent to Distribute a Schedule II Controlled Substance were dismissed.

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of twelve (12) months' and one (1) day imprisonment, and a twelve (12) month term of supervised release to be imposed after release with the first 180 days of supervised release to be served in a residential reentry center.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by committing the offense of Possession with Intent to Distribute a Schedule I Controlled Substance in Caddo Parish, Louisiana, the Defendant will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A violation, the Court shall revoke probation or supervised release. In the case of a revocation of supervised release based on a Grade A violation and a criminal history category of II, the guideline imprisonment range is 15 to 21 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by committing the offense of Possession with Intent to Distribute a Schedule I Controlled Substance in Caddo Parish, Louisiana. Based upon the Defendant's plea of "true" to this allegation of the First Amended Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade A violation, and his criminal history

category is II. Policy guidelines suggest 15 to 21 months' imprisonment. A sentence below the advisory guideline range is appropriate in this case because the Defendant has already served a substantial period of incarceration in state custody due to the new offense that forms the basis of the instant revocation. The Government does not object to a sentence outside the advisory range. However, the Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by committing the offense of Possession with Intent to Distribute a Schedule I Controlled Substance in Caddo Parish, Louisiana. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of twelve (12) months' and one (1) day imprisonment.

Furthermore, according to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Under U.S.S.G. § 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment that can be imposed upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The undersigned recommends a twelve (12) month term of supervised release to be imposed after release with the first 180 days of supervised release to be served in a residential reentry center.

## VII. Recommendations

1. The court should find that the Defendant violated a mandatory condition of supervised release by committing the offense of Possession with Intent to Distribute a Schedule I Controlled Substance in Caddo Parish, Louisiana.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of twelve (12) months and one (1) day, and upon release, a twelve (12) month term of supervised release with the first 180 days of supervised release to be served in a residential reentry center.

4. The court should recommend that the Defendant be incarcerated in the Seagoville Federal Correctional Institution or the Texarkana Federal Correctional Institution of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 31st day of July, 2012.

_____
Zack Hawthorn
United States Magistrate Judge